**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

D'ANNE L. CURLEY and
MATTHEW J. CURLEY,

                                        CASE NO.  10-13327

        Plaintiffs,                              HON. LAWRENCE P. ZATKOFF

v.

MACY'S RETAIL HOLDINGS, INC.,
d/b/a MACY'S,

        Defendant.
_____/

**<u>OPINION AND ORDER</u>**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on September 14, 2011.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant Macy's Retail Holdings, Inc.'s ("Macy's")

Motion to Dismiss and/or Summary Judgment as to Count II of Plaintiff's First Amended Complaint

[dkt 8] and Motion to Dismiss and/or Summary Judgment as to Count III of Plaintiff's First

Amended Complaint [dkt 17].[1]  The parties have fully briefed the Motions.  The Court finds that the

facts and legal arguments are adequately presented in the parties' papers such that the decision

process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R.

7.1(f)(2), it is hereby ORDERED that the Motions be resolved on the briefs submitted.  For the

---

[1]  Macy's notes that it is actually seeking dismissal of the counts in Plaintiffs' Second Amended
Complaint, which was improperly titled by Plaintiffs as their "First Amended Complaint."

reasons set forth below, Macy's' Motion to Dismiss and/or Summary Judgment as to Count II is GRANTED  and Motion to Dismiss and/or Summary Judgment as to Count III is DENIED.

## II. BACKGROUND

On December 21, 2009, Plaintiff D'Anne Curley, ("D'Anne") a resident of Windsor, Ontario, was shopping at a Macy's department store in the Southland Mall in Wayne County, Michigan.  While shopping, a large mirrored panel affixed to a column in the Macy's store detached from the column, and struck D'Anne.  The force of the panel broke D'Anne's right clavicle bone, requiring a medical procedure that placed a metal plate and multiple screws in D'Anne's right shoulder.  On August 23, 2010, Plaintiffs filed this case against Macy's based on the Court's diversity jurisdiction.  Plaintiffs' Complaint contained a count asserting premises liability under Michigan's common law.  Plaintiffs' Complaint also asserted a claim for loss of consortium on behalf of D'Anne's husband, Matthew Curley.  On February 18, 2011, Plaintiffs filed a First Amended Complaint, adding *res ipsa loquitur* as a theory of liability (Count II).  On March 10, 2011, Plaintiffs filed a Second Amended Complaint, improperly titled "First Amended Complaint," adding an ordinary negligence theory of liability against Macy's (Count III).  As of Plaintiffs' Second Amended Complaint, Plaintiffs assert four counts against Macy's: Count I—premises liability; Count II—*res ipsa loquitur*; Count III—ordinary negligence; and Count IV—loss of consortium. In Macy's' Motions to Dismiss and/or Summary Judgment, it seeks dismissal of Counts II and III of Plaintiffs' Second Amended Complaint.

## III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a party's claims.  The Court must accept as true

2

all factual allegations in the pleadings, and any ambiguities must be resolved in that party's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than a bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A party must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the party pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

3

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

## IV. ANALYSIS

### A. COUNT II—*RES IPSA LOQUITUR*

Macy's contends that is entitled to dismissal of Count II of Plaintiffs' Second Amended Complaint because under Michigan law *res ipsa loquitur* is not an independent cause of action, but rather an evidentiary doctrine used to establish an element of a negligence cause of action.  In response, Plaintiffs argue that the Michigan Supreme Court has characterized the doctrine of *res ispa loquitur* as an independant theory of liability.  Plaintiffs rely on *Wischmeyer v. Schanz*, 449 Mich. 469, 483–485 (Mich. 1995).

Under Michigan common law, the doctrine of *res ipsa loquitur* creates "an inference of negligence when the plaintiff is unable to prove the actual occurrence of a negligent act." *Jones v. Porretta*, 428 Mich. 132, 150 (Mich. 1994).  To establish that *res ipsa loquitur* applies to a plaintiff's case, the plaintiff must establish that:

> (1) the event that caused an injury would ordinarily not occur in the absence of the defendant's negligence;
>
> (2) the event must be caused by an agency or instrumentality within the exclusive control of the defendant;

4

(3) the plaintiff must not have contributed to the event; and

(4) evidence that explains the occurrence of the event is more accessible to the defendant.

*Id.* at 150–51.

In this case, Plaintiffs set forth the following allegations in Count II:

12. Plaintiffs incorporate by reference the allegations in the General Allegations and Count I as though fully set forth herein.

13. The detachment of a large mirrored panel to a column located on Defendant's premises which fell and struck Plaintiff, D'Anne L. Curley, on December 21, 2009[,] is the kind of event which ordinarily does not occur in the absence of someone's negligence.

14. The large mirrored panel attached to the column on Defendant's premises was within the exclusive control of Defendant when it fell and struck Plaintiff, D'Anne L. Curley.

15. The detachment of a large mirrored panel to a column located on Defendant's premises which fell and struck Plaintiff, D'Anne L. Curley, on December 21, 2009[,] was not due to any voluntary action or contribution on the part of Plaintiff.

16. Evidence of the true explanation or why the large mirrored panel to a column located on Defendant's premises became detached and fell and struck Plaintiff, D'Anne L. Curley, on December 21, 2009[,] is more readily accessible to Defendant than to Plaintiff.

17. The detachment of a large mirrored panel to a column located on Defendant's premises which fell and struck Plaintiff, D'Anne L. Curley, on December 21, 2009[,] creates an inference that Defendant was negligent.

18. Defendant, Macy's Retail Holdings, Inc. d/b/a Macy's negligence is the proximate causes of damages and injuries sustained by Plaintiff, D'Anne L. Curley, on December 21, 2009.

After reviewing Michigan's common law, the Court finds that Plaintiffs may not plead a

separate cause of action under *res ispa loquitur*. Plaintiffs' theories of liability are based on Macy's'

5

alleged negligence.  Plaintiffs first contend that Macy's was negligent in allowing a dangerous condition to exist on its premises.  Plaintiffs also contend that Macy's' conduct was negligent in its installation of the mirrored panel and in failing to repair the negligent installation.  Here, the doctrine of *res ipsa loquitur* is a presumption that will allow a trier of fact to find Macy's negligent because the falling of the mirrored panel is an event that does not ordinarily happen in the absence of negligence.  To that extent, Plaintiffs may rely on the doctrine of *res ipsa loquitur* to prove their claims of premises liability and ordinary negligence.  Plaintiffs, however, may not plead the doctrine of *res ipsa loquitur* as a separate cause of action in this case.  Furthermore, Plaintiffs' reliance on *Wischmeyer* is misplaced.  In *Wischmeyer*, the court was analyzing a plaintiff's claim in a medical malpractice context.  *See* 449 Mich. at 483–85.  Plaintiffs provide no legal authority that Michigan courts have applied *res ipsa loquitur* as an independent cause action outside of the medical malpractice context.

Moreover, Macy's does not dispute that Plaintiffs may incorporate *res ipsa loquitur* within their negligence claims.  To that extent, Count II of Plaintiffs' Second Amended Complaint is dismissed as an independent cause of action.  The Court, however, finds, to the extent that *res ipsa loquitur* is applicable to this case, Plaintiffs may rely on it in proving their premises liability and ordinary negligence claims.  Accordingly, Macy's' request for dismissal of Count II of Plaintiffs' Second Amended Complaint is granted.

### B. COUNT III—ORDINARY NEGLIGENCE

Macy's next contends that it is entitled to dismissal of Count III because Plaintiffs' allegations are based on an injury which occurred from a dangerous condition on Macy's' premises. Because the allegations are not based on any *conduct* of Macy's which occurred on its premises,

6

Plaintiffs may not assert an ordinary negligence claim against it. Macy's supports its contention with *James v. Alberts*, 464 Mich. 12 (Mich. 2001), and *Kachudas v. Invaders Self Auto Wash, Inc.*, 486 Mich. 913 (Mich. 2010). In response, Plaintiffs cite *Kessler v. Visteon Corp.,* 448 F.3d 326 (6th Cir. 2006), and *Laier v. Kitchen*, 266 Mich. App. 482, 493 (Mich. Ct. App. 2005) to show that an action may be brought based on both premises liability and ordinary negligence.

Under Michigan law, a plaintiff's injury that arises out of a condition of the land is a claim based on premises liability. *James*, 464 Mich. at 18. In a premises liability claim, an owner of the premises owes "a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition" on the premises. *Laier*, 266 Mich. App. at 488. Contrary to a premises liability claim, a claim of ordinary negligence asserts that a defendant breached his or her obligation to not "unreasonably endanger the person or property of others" by his conduct. *Johnson v. A & M Custom Built Homes*, 261 Mich. App. 719, 722 (Mich. 2004).

While distinguishing between the two claims, in *Laier*, the court analyzed the plaintiff's complaint and found that despite the lack of specificity in the plaintiff's pleadings, he had plead a claim under a premises liability theory as well as a claim under an ordinary negligence theory. 266 Mich. App. at 490. The *Laier* court found that the plaintiff's complaint alleged that an employee of the defendant owed a duty to the plaintiff to use due care in operating and controlling a tractor and bucket, which was a claim of ordinary negligence that was independent of the plaintiff's claim of premises liability. *Id.* at 494.

Further clarifying whether a plaintiff may plead both a claim under premises liability as well as a claim under ordinary negligence, the Michigan Supreme Court held that a circuit court properly concluded that a plaintiff's claim was exclusively one under premises liability. *Kachudas*, 486

7

Mich. at 913–14.  In *Kachudas*, the plaintiff claimed that he was injured by slipping on an icy surface on the defendant's premises.  *Id.* at 913.  The Michigan Supreme Court, recognizing that an injured person may pursue a claim in ordinary negligence for the conduct of the defendant on his or her premises under *Laier*, held that the plaintiff's claim was based on an injury caused by the condition of the land and was exclusively a claim under premises liability.  *Id.* at 913–914.

In this case, Plaintiffs set forth the following allegations in Count III:

> 19. Plaintiff incorporates by reference the allegations in the General Allegations and Counts I and II as though fully set forth herein.
>
> 20. Defendant, through its agents and/or employees, owed a duty of care and conduct to Plaintiff, D'Anne Curley, to install the mirrored panels on the columns located on its premises in a reasonably safe manner.
>
> 21. Defendant breached that duty on December 21, 2009[,] when the installation of a large mirrored panel located on a column on its premises failed and fell off the column and struck Plaintiff.
>
> 22. Defendant, Macy's Retail Holdings, Inc. d/b/a Macy's negligence is the proximate causes of damages and injuries sustained by Plaintiff, D'Anne L. Curley, on December 21, 2009.

The Court finds that Count III of Plaintiffs' Second Amended Complaint pleads a plausible claim under a theory of ordinary negligence and there is a genuine dispute as to whether the conduct of a Macy's' employee caused the injury.  Although Plaintiffs' allegations are based on a defect on the premises, that is, the large mirrored panel that fell from the column, evidence discovered since Plaintiffs filed their Second Amended Complaint indicates that the conduct of a Macy's' employee is also at issue.  As indicated on an October 2009 work order, Paula Street, a Macy's' employee, reported that the mirrored panels were pulling away from the column.  Street indicated that blue tape was applied to hold the panels together.  Thus, viewing the evidence in light most favorable to

8

Plaintiffs, Plaintiffs' injury may be due to the unreasonable conduct of a Macy's' employee if that employee's conduct is found to have unreasonably endangered D'Anne.  Accordingly, Macy's' request for dismissal of Count III of Plaintiffs' Second Amended Complaint is denied.[2]

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss and/or Summary Judgment as to Count II of Plaintiff's First Amended Complaint [dkt 8] is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss and/or Summary Judgment as to Count III of Plaintiff's First Amended Complaint [dkt 17] is DENIED.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff                                    
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  September 14, 2011

---

[2] To the extent that Plaintiffs request leave to amend Count III of their Complaint to conform to the evidence produced during discovery, the Court declines to entertain such a request made in passing in Plaintiffs' response brief.

9

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on September 14, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290